**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LUIS CASTRO, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, FCI FORT DIX,[1] <br><br> Respondent. | Civil Action No. 23-4467 (KMW) <br><br> **OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on Petitioner Luis Castro's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 1), which seeks to challenge a prison disciplinary sanction. Following an order to answer, the Government filed a response to the petition. (ECF No. 7.) Petitioner did not file a reply. For the reasons expressed below, Petitioner's habeas petition is denied.

## I.    BACKGROUND

Petitioner is a convicted federal prisoner currently imprisoned in Fort Dix. (ECF No. 7-1 at 1-2.) In his current habeas petition, he seeks to challenge a disciplinary proceeding which

---

[1] Petitioner originally named as the Respondent in this matter the Warden of FCI Loretto. As the sole proper Respondent in this matter is the warden of the prison in which Petitioner is currently housed, *see, e.g., Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004); *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994); this Court will direct the Clerk of the Court to amend the caption of this matter to instead name the warden of FCI Fort Dix, in which Petitioner is currently housed, as the Respondent in this matter.

occurred in January 2023 while he was still housed at FCI Loretto. (ECF No. 1 at 1-2.) This disciplinary proceeding arose out of a search of Petitioner's locker which occurred on November 8, 2022. (*See* ECF No. 7-1 at 26.) At 9:20 a.m. that morning, Officer J. Lego of FCI Loretto searched Petitioner's assigned locker and "found a clear plastic bag containing orange strips of paper" which were hidden inside of a latex glove in an eyeglass case. (*Id.*) The locker also contained Petitioner's mail and several prescription medication bottles belonging to Petitioner. (*Id.* at 27.) A prison pharmacist thereafter identified the orange strips of paper as containing buprenorphine/naloxone 8MG-2MG, a prohibited substance. (*Id.*) Petitioner was initially charged with introducing drugs and/or alcohol to the prison, but that charge was thereafter amended to possession of drugs or alcohol. (*Id.* at 26-31.) When confronted with the drugs, Petitioner stated that his locker hadn't been locked and that the drugs did not belong to him. (*Id.* at 32.) Petitioner was advised of the initial charge On November 7, 2022, and advised of the amended disciplinary charge on December 28, 2022. (*Id.* at 30-32.) After an initial appearance before a prison disciplinary committee, the charges were referred for a hearing before a prison Disciplinary Hearing Officer (DHO). (*Id.* at 32.) Petitioner was advised of his rights at the hearing on January 3, 2023, and signed the form so advising him. (*Id.* at 37.) Petitioner declined to call any witnesses, declined a staff representative, and did not request review of any camera footage. (*Id.* at 18, 33.)

The DHO conducted the hearing on January 20, 2023. (*Id.* at 18.) At the hearing, the DHO considered Petitioner's statement that the drugs did not belong to him and that his locker was unsecured, the officer's report of searching the locker and finding the drugs, the identification of the drugs by prison staff, and the photographic evidence of the seized illicit substance. (*Id.* at 18-20.) The DHO ultimately found that Petitioner "committed the prohibited act" of possession of drugs, relying on the undisputed evidence that the orange strips were found in Petitioner's locker alongside his mail and prescription bottles, the strips clearly contained a prohibited substance, and

2

that Petitioner was responsible for the contents of his locker, notwithstanding his choice not to secure the locker, as the seized drugs were clearly in his at least constructive possession given the location in which they were found. (*Id.* at 19-20.) Petitioner was thereafter issued sanctions including the loss of 41 days of good conduct time. (*Id.*)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.   DISCUSSION

In his habeas petition, Petitioner raises two arguments. First, he argues that the evidence against him was insufficient to support the charge against him as he believes the decision to search his locker must have been based on some form of unspecified report by a confidential informant, and no information regarding any informant was in the record, which leads Petitioner to conclude that the DHO's decision was essentially based on an unspecified confidential informant's uncorroborated report. Second, Petitioner argues that he was denied Due Process because he was not provided information about this confidential informant he assumes was responsible for reporting him for drug possession, and thus the alleged informant's credibility was not put to the test nor was Petitioner able to call him as a witness.

Turning first to Petitioner's Due Process claim, the Court finds that Petitioner's arguments are based solely on Petitioner's own assumptions and not on any of the facts presented by the

record of this matter.   Although Petitioner assumes that a confidential informant or other information source was used in his hearing, the record of the hearing contains no trace of any such informant.   Instead, the record reveals that the drugs were discovered in a search of Petitioner's locker, and the DHO relied upon the searching officer's report and the physical evidence – the seized and subsequently identified illicit substance.   There is no evidence of any kind that any confidential informant or other unspecified source of information was in any way used or considered by the DHO, whose report indicates no such information was considered, and thus Petitioner's argument that he was denied protections related to the use of confidential informants is entirely misplaced – no informant's statement was used, and no protections related to confidential informants therefore applies to Petitioner's case.[2]

In his remaining claim, Petitioner argues there was insufficient evidence in the record to support his disciplinary infraction.   Where a prisoner's Due Process rights have been respected, a prison disciplinary finding will stand on habeas review so long as it is supported by "some evidence in the record." *Campbell*, 808 F. App'x at 72 (quoting *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985)).   This standard "is minimal and 'does not require examination of the entire record, independent assessment of the credibility of witnesses, or the weighing of evidence." *Id.* (quoting *Hill*, 472 U.S. at 455).   Where contraband is found in an area under an inmate's control, even when that area is in a shared area, that alone is sufficient to meet the "some evidence" standard as to each inmate who had access to the area in question as inmates have a responsibility to keep their

---

[2] Although Petitioner does not claim any other procedural fault in his hearing, the Court notes that Petitioner clearly received all the process that was due to him under binding precedent: advance written notice of the charges, an opportunity to call witnesses and present evidence, the opportunity to request a staff or inmate representative, and a written decision stating the reasons for the sanction imposed and the evidence relied upon by the DHO. *See Campbell v. Warden Allenwood USP*, 808 F. App'x 70, 72 (3d Cir. 2020) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557, 563-67 (1974)).

cells and other controlled areas free of contraband. *See Denny v. Schultz*, 708 F.3d 140, 145-47 (3d Cir. 2013).

In this matter, the evidence presented at the hearing clearly indicates that an area under Petitioner's control – his locker which he was free to secure with a combination lock – contained a prohibited substance hidden among Petitioner's possessions, mail, and medicines. Petitioner clearly had at least constructive possession of all the items in his locker, and as the DHO noted, ran the risk of others misusing his locker when he chose not to secure it. As the prohibited substance was found in Petitioner's locker, among Petitioner's possessions, and Petitioner does not seriously dispute that the drugs were found in his locker, there was clearly "some evidence" in the record sufficient to support a finding of his guilt in possessing the seized contraband. *Denny*, 708 F.3d at 145-47. Therefore, there is sufficient evidence in the record to support the DHO's conclusions, and Petitioner's sufficiency of the evidence claim is thus without merit in this habeas petition. As both of Petitioner's claims are without merit, his habeas petition is denied.

## IV.   CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED.** An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge